In re SOUTHWEST FLORIDA TELE–
COMMUNICATIONS, INC.,
Debtor.

William DARLING, Plaintiff,

v.

William R. ROSE, W.R. Rose & Co., Ashland Cold Storage Company, Thomas Brodesser, Jr., Joseph Brodesser, and Southwest Florida Telecommunications, Inc., and Ridgeway Enterprises, Inc., Defendants.

Bankruptcy No. 93–10107–9P1.
Adv. No. 95–161.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 14, 1996.

Louis X. Amato, Naples, FL, for Plaintiff.

G. Gordon Harrison, Ft. Myers, FL, for Defendants William R. Rose, W.R. Rose & Co., Ashland Cold Storage Co., Thomas Brodesser, Joseph Brodesser, SW Florida.

Edward R. Miller, Naples, FL, for Defendant SW Florida Telecommunications.

Robert L. Donald, Ft. Myers, FL, for Defendants.

## ORDER ON MOTION TO COMPEL PRODUCTION OF DOCUMENTS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion to Compel Production of Documents filed by William Darling (Darling), who instituted this adversary proceeding. The instant matter before this Court is a dispute which centers around a Request to Produce filed by Darling over evidence presented for resolution by this Court. The facts relevant to the resolution of this controversy as they appear in the record are as follows.

Jean–Pierre Boegner (Boegner), who describes himself as a "legal agent" for Defendants Tom Brodesser and Bill Rose (Defendants), has conducted an intense investigation attempting to reconstruct the activities of Darling. Boegner employed several people to assist him in compiling information about the activities of Darling. Darling, in his request seeks to compel the production of documents prepared by Boegner and communicated between him and the attorneys for the Defendants. The Defendants claim the documents were prepared by Boegner at the request of Defendants' counsel in anticipation of this adversary proceeding and are protected by the work product doctrine. Each document briefly describes some facts and information gathered to date and a discussion of Boegner's overall investigation.

In its motion, Darling requests that this Court order the production of written communications by J.P. Boegner to the attorney of the Defendants, identified in the Defendants' Amended Response to Request to Produce.

Defendants contend that the following documents are privileged and not subject to discovery under the work product doctrine, or in the alternative, under the attorney-client privilege doctrine:

| Date | Pages | Addressee |
|---|---|---|
| 7/11/95 | 23 | Warren Fuller (includes draft affidavits of J.R. Ingram) |
| 7/12/95 | 1 | Warren Fuller |
| 7/19/95 | 5 | Warren Fuller (includes copy of letter to T. Brodesser) |
| 7/25/95 | 1 | Warren Fuller |
| 8/1/95 | 2 | Warren Fuller |
| 11/9/95 | 3 | Diane L. Jensen |
| 11/15/95 | 9 | T. Brodesser and W.R. Rose |
| No Date | 15 | Documents prepared by Boegner for Defendants attorney |

 It is obvious that the documents are not communications between the Defendants and their attorney, thus, they are not excluded from discovery under the attorney client privilege. This leaves for consideration the protection sought based on the work product doctrine.

 Fed.R.Civ.P. 26(b)(3), which is applicable in this adversary proceeding by virtue of by F.R.B.P. 7026, provides that documents "prepared in anticipation of litigation by or for the party may not be obtained by one's opponent through discovery without a showing of substantial need or undue hardship in obtaining the substantial equivalent of the document." The work-product doctrine protects such items as "interviews, statements, memoranda, correspondence, briefs, mental impressions, and personal beliefs." *Hickman v. Taylor,* 329 U.S. 495, 511, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947). It appears that the attorney in this case, Fuller, engaged Boegner as an agent/investigator to compile information and documents in preparation of trial. The doctrine protects material prepared by agents for the attorney as well the material prepared by the attorney himself. *U.S. v. Nobles,* 422 U.S. 225, 238, 95 S.Ct. 2160, 2170, 45 L.Ed.2d 141 (1975).

After inspecting the above documents, this Court is satisfied that these documents were clearly prepared in anticipation of litigation by the Defendants and qualify for protection under the work product doctrine.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Compel Production of documents be, and the same is hereby, denied on the basis that the documents sought are protected by the work-product doctrine privilege.

DONE AND ORDERED.